**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT BRYANT,                          )
      Petitioner,                      )
                             )
    v.                                  ) CIVIL ACTION NO. 05-1080
                             )
JEFFREY BEARD, Secretary,               )
Pennsylvania Department of              )
Corrections; LOUIS FOLINO,              )
Superintendent of the State            )
Correctional Institution at            )
Greene,                                 )
      Respondents.                     )

**MEMORANDUM   ORDER**

On August 4, 2005, Petitioner Robert Bryant filed with this
Court a petition for writ of habeas corpus pursuant to 28 U.S.C.
§ 2254.  (Doc. 1).  Therein, he contends,  inter alia, that the
guilt phase of his state capital trial was infected with federal
constitutional error and that he is entitled to a new trial on
his conviction for first-degree murder.  Presently pending before
this Court is the Commonwealth's Motion to Dismiss (Doc. 4).  For
the reasons set forth below, the motion shall be DENIED.

I.

In 1987, Bryant was convicted of first-degree murder in the
Court of Common Pleas of Allegheny County.  Following a separate
penalty hearing, the jury sentenced him to death.  His conviction
and sentence were affirmed on direct appeal.  Commonwealth v.
Bryant, 574 A.2d 590 (Pa. 1990).

In June 1996, Bryant filed a collateral challenge to his
conviction and sentence of death in state court pursuant to

Pennsylvania's Post-Conviction Relief Act ("PCRA"). The state court appointed counsel and an amended PCRA petition was filed. On March 24, 1998, the Honorable John W. O'Brien dismissed Bryant's guilt-phase claims. Judge O'Brien granted Bryant relief on his sentencing-phase claim. He vacated Bryant's sentence of death and granted him a new sentencing hearing.

Bryant appealed the denial of his guilt-phase claims. The Commonwealth did not cross appeal Judge O'Brien's decision that Bryant was entitled to relief on his sentencing-phase claim.

On August 18, 2004, the Supreme Court of Pennsylvania affirmed the denial of guilt-phase relief. Commonwealth v. Bryant, 855 A.2d 726 (Pa. 2004). Bryant's petition for reargument was denied on October 14, 2004.

Bryant's sentencing hearing has been tentatively scheduled for January 17, 2006 in the Allegheny County Court of Common Pleas before the Honorable Judge Lawrence O'Toole. (Doc. 1 at 5).

                                    II.

On August 4, 2005, Bryant filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254. Therein, he acknowledges the unique procedural posture of this case. He has exhausted his state-law remedies with regard to his guilt-phase claims and there are no further state-court remedies to challenge the constitutionality of his conviction; yet, he is still

awaiting sentencing on that conviction.  He notes that he filed the instant petition within the one-year statute of limitations applicable to federal habeas corpus petitions and set forth at 28 U.S.C. § 2244(d)(1).[1]  He points out that there is no authority from the United States Supreme Court or the Court of Appeals for the Third Circuit addressing when the statute of limitations begins to run on the guilt-phase claims under the circumstances presented by this case.  Thus, he has filed the instant petition in order to insure compliance with § 2244(d)(1).

In their motion, Respondents contend that the petition should be dismissed because Bryant has not yet been sentenced on his first-degree murder conviction.  (Doc. 4 at 2).  They argue that dismissal of the instant petition would not present Bryant with a future statute-of-limitations problem because the limitations period will not begin to run on his guilt-phase

---

[1]   The limitations period applicable to federal habeas corpus petitioners was promulgated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and provides, in relevant part:

> (d)   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1)(A).

claims until he is sentenced and any potential sentencing-phase claims are litigated and finally decided in state court.   In support of this argument, Respondents state that the Third Circuit Court "has held that the limitations period contained in Section 2244 does not apply to individual claims, but, rather to the case as a whole."   (Doc. 4 at 3).

Respondents' recitation of Third Circuit Court law is plainly wrong.   In  Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), cert. denied Fielder v. Lavan, 125 S.Ct. 904 (2005), the court held that § 2244(d)(1)'s one-year statute of limitations applied on a claim-by-claim basis, not to an application as a whole with the latest accruing claim governing.   379 F.3d at 118-122.   The Fiedler Court acknowledged that statements made by the court in Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002) – a case relied on by Respondents – indicated that § 2244(d)(1) must be applied to a habeas petition as a whole.   Id. at 122.   However, the Fielder Court clarified that those "statements were dicta, … [and] do not bind us[.]" Id. at 122.

Respondents' reliance upon the Court of Appeals for the Eleventh Circuit's decision in Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003) is equally misplaced.   They note that in Walker the court held that § 2244(d)(1)'s limitations period applies to a petition as a whole and begins to run on resentencing.   They fail to point out, however, that the Fielder Court expressly

4

rejected the <u>Walker</u> Court's interpretation of § 2244(d)(1). <u>Fielder</u>, 379 F.3d at 117-122.

Bryant's counsel acknowledge that Respondents have indicated to them that they would not seek to interpose a statute-of-limitations defense against their client if and when he filed a habeas petition after the resentencing becomes final in state court. (Doc. 8 at 7 n.3). Bryant's counsel do not believe that such assurances fully protect their clients rights, however. (Doc. 8 at 7-8). Noting the lack of authority on the issue at hand and the complex, unsettled, and shifting nature of federal habeas corpus procedural law, they maintain that the only avenue that will fully protect their client from statute-of-limitations concerns (and concerns regarding successive petitions and abuse of the writ), is for this Court to hold these proceedings in abeyance until the conclusion of the sentencing proceedings.

### III.

After considering each party's position, the Court determines that the most prudent course of action is to deny the motion to dismiss and require the parties to file a joint statement on February 17, 2006, notifying it of the current status of Bryant's penalty proceedings and the outcome, if any, of his sentencing hearing. At a later date, the Court may

reconsider Respondents' request for dismissal and Bryant's request for a stay and abeyance.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT BRYANT,                      )
      Petitioner,                  )
                                   )
    v.                              )   CIVIL ACTION NO. 05-1080
                                   )
JEFFREY BEARD, Secretary,           )
Pennsylvania Department of          )
Corrections; LOUIS FOLINO,          )
Superintendent of the State         )
Correctional Institution at         )
Greene,                             )
      Respondents.                 )

**O R D E R**

AND NOW, this 15ᵗʰ day of November, 2005, it is hereby
ORDERED and DIRECTED that the Motion to Dismiss Petition for
Writ of Habeas Corpus as Premature (Doc. 4) is DENIED.

It is further ORDERED that the parties shall file a joint
statement on February 17, 2006, notifying the Court of the
current status of Petitioner's penalty proceedings and the
outcome, if any, of Petitioner's sentencing hearing.

BY THE COURT:

_____, J.

cc:  All counsel of record

7